UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| WILLIAM MAY<br>Individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>ELK PIPELINE INC., T/A CROWN PIPELINE CONSTRUCTION COMPANY<br><br>Defendant. | Civil Action No. _____<br><br>Hon. _____<br><br>**CLASS ACTION COMPLAINT**<br><br>JURY TRIAL DEMANDED |

## PRELIMINARY STATEMENT

1. This is a class action suit brought forth by Plaintiff, William May, individually and on behalf of all other similarly situated individuals, against Defendant, Elk Pipeline Inc., T/A Crown Pipeline Construction Company ("Elk Pipeline"), located at 3345 Delsea Drive, Franklinville, New Jersey, 08322. Plaintiff is seeking to recover damages on behalf of himself and all others similarly situated, for all unpaid, accrued, and unused vacation days and other monies that have been improperly withheld from them upon their termination from employment in breach of the terms of their employment agreement.

2. Plaintiff and all other similarly situated individuals were employees of Defendant.

3. Defendant's refusal to properly compensate Plaintiff and those similarly situated is a violation of Defendant's contractual obligations and constitutes a breach of contract in violation of Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185.

## JURISDICTION AND VENUE

1. Jurisdiction is proper under Section 301 of the Labor Management Relations Act ("LMRA"), 29 U.S.C. § 185.

1

2. This court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. § 1367.

3. Venue is proper in this Court under Section 301(a) of the LMRA, and because the alleged cause of action occurred within this district, and because the Defendant is subject to personal jurisdiction in this district.

## PARTIES

4. Plaintiff, William May, was employed by Defendant, Elk Pipeline Inc., T/A Crown Pipeline Construction Company ("Elk Pipeline"), until January of 2018. For all times relevant to this proceeding, Plaintiff is and was a member of the collective bargaining unit covered by the collective bargaining agreement ("CBA") between Elk Pipeline and the International Association of Machinists and Aerospace Workers of America, Local Lodge S-76 ("the Union"). Plaintiff resides at 32 Corkery Lane, Williamstown, New Jersey, 08094.

5. Defendant, Elk Pipeline Inc., is a New Jersey corporation, with its principal place of business located at 3345 Delsea Drive, Franklinville, New Jersey, 08322. Elk Pipeline was a signatory to a CBA with the Union.

## FACTUAL ALLEGATIONS

### Defendant's Contractual Obligation to Pay Benefits

6. This action arises from Elk Pipeline's failure to pay certain benefits contractually owed to Plaintiff and class members.

7. A July 18, 2005 letter (attached as Exhibit "A") memorialized certain benefits for "grandfathered" employees, which were defined as employees on payroll on or prior to April 16, 2004.

8. On September 27, 2005, Defendant and the Union entered into a CBA effective from June 28, 2004 to February 15, 2010 (attached as Exhibit "B"). Upon information and belief, this CBA remained in effect until approximately February 14, 2011, under Article XXIII, Section 1 of the CBA.

9. Article X (Vacations), Section 6 of the CBA read as follows: "All employees with more than two (2) [y]ears of service with the Company who are permanently laid-off shall receive pro-rated vacation pay. Employees who are discharged for just cause shall not be entitled to prorated vacation benefits." See Exhibit B at 8.

10. On June 23, 2011, Defendant and the Union entered into a Memorandum of Agreement ("MoA," attached as Exhibit "C") which was effective from February 15, 2011 through February 14, 2015. This MoA effectively extended the prior CBA, subject to the changes memorialized in the MoA.

11. Paragraph 4 of the MoA contained the following provision:

> The Company will payout any "grandfathered" employees for vacation time owed under the Agreement that was made during the 2005 negotiations as memorialized in the July 18, 2005 letter from Cohen Seglias to Danny Chmelko. The Company may take up to ninety days to complete this payout. Grandfathered employees currently on the payroll and verified under the provisions of the 2005 agreement will receive the proper vacation entitlement for 2011 and going forward during the term of this Agreement. New employees hired after the ratification of this agreement will receive the vacation entitlement contained in the new agreement and will not be compensated for time worked with any other employer.

12. Under the terms of these agreements (and possibly others which are not yet available to Plaintiff), certain "grandfathered" employees were entitled to compensation for certain benefits (including, but not limited to vacation pay).

### The Experience of the Representative Plaintiff

13. Plaintiff was a member of the collective bargaining unit covered under the CBA (and other relevant agreements) between Elk Pipeline and the Union, which governed the terms and conditions of his employment.

14. Plaintiff was laid off from Elk Pipeline in January of 2018.

15. At the time Plaintiff was laid off, Plaintiff had accrued certain benefits, including unused vacation, sick, and personal days under the terms of the CBA and related agreements which governed the terms and conditions of Plaintiff's employment.

16. Specifically, Plaintiff had accrued three (3) weeks of vacation, ten (10) sick days, and two and one-half (2.5) personal days which he had not used at the time his employment with Elk Pipeline ceased.

17. Under the terms of the CBA and related agreements, Plaintiff was one such "grandfathered" employee entitled to compensation for these accrued, unused benefits.

18. Plaintiff was not, and has yet to be, compensated for these contractually-owed benefits.

19. Defendant has intentionally, willfully, and repeatedly harmed Plaintiff by refusing to compensate Plaintiff for his accrued and unused benefits.

### Union Issue

20. The Union failed to fairly represent the interests of Plaintiff and other effected members by failing to pursue a grievance against the Elk Pipeline.

21. The Union acted in bad faith, and in a dishonest, arbitrary, and/or perfunctory fashion in failing to pursue a grievance. In doing so, the Union violated its duty of fair representation.

### **CLASS ACTION ALLEGATIONS**

A.   *Class Definition*

22. Plaintiff brings this action on behalf of the following class: All individuals employed by Elk Pipeline, whose terms and conditions of employment were governed by the collective bargaining agreements and memoranda of understanding between Elk Pipeline and the Union, who were terminated or laid off from employment with Elk Pipeline on or about January of 2018, without having received payment owed for certain accrued and unused benefits, including (but not limited to) vacation time.

23. Plaintiff reserves the right to modify or amend the definition of the proposed class before the Court determines whether certification is appropriate.

24. Defendant subjected Plaintiff and the aforementioned class members to the same unfair, improper treatment and harmed them in the same manner.

B.   *Numerosity*

25. The class is so numerous that joinder of all members is impracticable. Plaintiff is currently unable to ascertain the total number of individuals in the class, but would able to ascertain the class members through a review of certain documents in Defendant's possession. Plaintiff currently estimates approximately fifteen (15) to twenty (20) individuals compose the class.

C.   *Commonality*

26. There are questions of law and fact common to the class that predominate over any questions affecting only individual class members. The principal questions of law and fact are the following:

   a. Whether the Defendant breached its contractual obligations by failing to compensate employees for certain accrued benefits, including (but not limited to) vacation days;

   b. Whether Defendant's actions violated Section 301 of the LMRA;

    c. Whether the Union breached its duty of fair representation in connection with the Defendant's breach of contract;

    d. Whether Defendant violated the New Jersey Wage Payment and Collection Law, N.J.S.A. 34:11-4.1a, *et seq.*, and N.J.S.A. 34:11-57, *et seq.*; and

    e. Whether Plaintiff and the class members are entitled to damages as a result of Defendant's conduct.

D.   *Typicality*

27. Plaintiff's claims are typical of the claims of the class, which all arise from the same operative facts and are based on the same legal theories. Plaintiff and each class member were members of the same collective bargaining unit. Accordingly, each class member's claims are based on the same provisions of the same contracts and/or agreements and seek to recover the same benefits owed under these contracts and/or agreements (merely differing in the amount of the accrued and unused benefits which are owed).

E.   *Adequacy of Representation*

28. Plaintiff will fairly and adequately protect the interests of the class. Plaintiff is committed to zealously litigating this matter. There is no hostility between Plaintiff and any of the unnamed class members, and Plaintiff anticipates no difficulty in the management of this litigation as a class action.

29. Plaintiff has secured counsel with extensive expertise and experience in the areas of labor and employment law.

F.   *Superiority*

30. A class action is a superior method for the fair and efficient adjudication of this controversy. A class action suit will likely present significantly fewer obstacles than those

presented in individual claims. The identities of the class members may be derived from Defendant's business records.

G.  *Requirements of Fed. R. Civ. P. 23(b)(1) & (2)*

31. Prosecuting separate actions by individual class members would create a risk of inconsistent or varying adjudications with respect to individual class members that would:

    a. establish incompatible standards of conduct for the party opposing the class; and

    b. be either dispositive of the interests of the other class members not parties to the individual litigation or would substantially impair their ability to protect their interests.

32. Defendant has acted or failed to act in a manner which is generally applicable to Plaintiff and all class members, thereby making final injunctive relief or corresponding declaratory relief appropriate to the entirety of the class.

H.  *Requirements of Fed. R. Civ. P. 23(b)(3)*

33. This action should be maintained as a class action because the questions of law or fact which are common to Plaintiff and each class member's claims predominate over any questions of law or fact affecting only individual members of the class.

34. Common issues predominate when, as here, liability can be determined on a class-wide basis, even if there will be some individualized damage determinations.

35. Whether Defendant breached its contractual obligations can easily be determined by examining the relevant CBAs, Memoranda of Agreement, and other documents concerning the contractual obligations between Defendant and the Union and/or members of the relevant collective bargaining unit(s).

36. Whether the Union breached its contractual obligations can also easily be determined through discovery.

37. No related litigation concerning the matter in controversy has begun by or against any of the class members.

## COUNT I
### (Breach of Contract)

38. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 37 with the same effect as if herein fully set forth.

39. Under the terms of the CBA, July 18, 2005 letter, and MoA (and possibly other documents which are not yet available to Plaintiff), certain employees in the collective bargaining unit were entitled to compensation for certain benefits (including, but not limited to vacation pay).

40. Defendant has failed to payout eligible employees in accordance with Defendant's contractual obligations.

41. Defendant's failure to payout these benefits constitutes a continuing violation of Defendant's contractual obligations.

42. Defendant's actions constitute a breach of contract and violate Section 301 of the LMRA.

## COUNT II
### (Breach of Implied Covenant of Good Faith and Fair Dealing)

43. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 42 with the same effect as if herein fully set forth.

44. A covenant of good faith and fair dealing is implied in every contract in New Jersey.

45. As bargaining members subject to the terms and conditions of the Union CBA and related agreements, Plaintiff, and all others similarly situated, had an expectation that Elk Pipeline would honor the terms of their agreements and provide them with a payout for certain accrued and unused benefits (including, but not limited to, vacation pay).

46. Elk Pipeline arbitrarily, capricious, unreasonably, and in bad faith unlawfully, willfully, and intentionally refused to abide by its agreements and divested Plaintiff and all those similarly situated from their contractually entitled payment for certain accrued and unused benefits.

47. The City unilaterally destroyed the expectations of Plaintiff, and all others similarly situated, from receiving the fruits of their contract without legitimate purpose.

48. In acting as described above, Defendant Elk Pipeline wrongfully and unreasonably breached their duty implied in the contract to deal fairly and in good faith with Plaintiff, and all others similarly situated.

## COUNT III
### (Promissory Estoppel)

49. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 48 with the same effect as if herein fully set forth.

50. Defendant clearly and definitely promised Plaintiff, and all others similarly situated, based on the Union CBA and related agreements, that they would be provided all of the compensation and benefits provided under the agreements including but not limited to, being compensated for all accrued and unused vacation pay and other benefits.

51. Plaintiff, and all others similarly situated, reasonably relied on these promises and continued to perform their duties.

52. Elk Pipeline reneged on its promise to Plaintiff, and all others similarly situated, by failing to provide compensation for these accrued and unused benefits.

53. Plaintiff, and all others similarly situated, incurred a detriment in reliance on Elk Pipeline's promises, namely, an abrogation of certain contractual entitlements to compensation.

## COUNT IV
### (New Jersey Wage Payment and Collection Law – Failure to Pay Wages)

54. Plaintiff incorporates by reference the allegations contained in paragraphs 1 through 53 with the same effect as if herein fully set forth.

55. Defendant Elk Pipeline has failed to pay Plaintiff, and all others similarly situated, the wages due under the terms of the CBA and related agreements.

56. Elk Pipeline continues to refuse to pay Plaintiff, and all others similarly situated, the wages due under the CBA and related agreement.

57. Defendant's refusal to pay Plaintiff, and all others similarly situated, the wages that are due and owing to them is in violation of the New Jersey Wage Payment and Collection Law, N.J.S.A. § 34:11-4.1a, *et seq.*, and N.J.S.A. § 34:11-57, *et seq.*

58. As a result of Defendant's willful violations, Plaintiff, on behalf of himself and all those similarly situated, is entitled to recover from Defendant the amount of certain unpaid, accrued, and unused benefits (including, but not limited to vacation pay), attorney's fees and costs, and all further relief as the Court deems just and proper.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, on behalf of himself and all similarly situated individuals, demands judgment against Defendant as follows:

1. Declaring this action to be a proper class in accordance with Rule 23(a) and Rule 23(b)(1) and (2), or Rule 23(b)(3) of the Federal Rules of Civil Procedure, and declaring Plaintiff and his counsel to be representatives of the class.

2. Finding that Defendant breached its contractual obligation to members and failed to compensate Plaintiff and the class for benefits which Plaintiff and the class were entitled to;

3. A declaratory judgment that the practices complained of herein are unlawful under New Jersey State Law;

4. An award of damages (including unpaid wages) owed to Plaintiff and the class as a result of Defendant's breach of contract, together with pre-judgment interest;

5. An award of liquidated damages to Plaintiff and members of the class;

6. An award of costs and expenses of this action together with reasonable attorneys' fees; and

7. Such other and further relief as this Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff and the Class request a jury trial for any and all Counts for which a trial by jury is permitted by law.

## CERTIFICATION

I hereby certify that the matter in controversy is not the subject of any other court, arbitration or administrative proceeding.

Respectfully submitted,

**O'BRIEN, BELLAND & BUSHINSKY, LLC**
*Attorneys for Plaintiff*

By: _____
Robert F. O'Brien, Esquire
1526 Berlin Road
Cherry Hill, NJ 08003
856-795-2181/Fax 856-795-2182
robrien@obbblaw.com

Dated: June 8, 2018